a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JALLOW PAPA #A201427276,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01021<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHRISTOPHER FREDRICK,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jallow Papa ("Papa"). Papa is a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE") housed at Allen Parish Jail. Papa alleges that his continued detention pending removal is unconstitutional.

Because Papa has not shown that he is uniquely entitled to release, his § 2241 Petition (ECF No. 1) should be DENIED and DISMISSED.

### I. Background

Papa is a native and citizen of The Gambia. ECF No. 1 at 7. Papa alleges that he was ordered removed, and then the Board of Immigration Appeals dismissed his appeal on August 20, 2019. ECF No. 1 at 2. Papa has thus been in post-removal order detention for 18 months.

Papa alleges that he submitted to ICE all requested forms for obtaining travel documents, and The Gambia has denied ICE's "numerous requests" that a travel

1

document be issued. ECF No. 1 at 7. Papa concludes that his removal is not likely to occur in the reasonably foreseeable future.

The Government provides a Declaration of Acting Assistant Field Office Director Quincy Hodges indicating that Papa has not fully cooperated with removal efforts. ECF No. 11-1. According to the Declaration, Papa made a sworn statement in 2018 indicating that his father and grandfather were alive and residing in The Gambia. ECF No. 11-1 at 2. However, Papa later claimed that both of his parents were deceased. *Id.*

ICE requested a travel document from The Gambia on August 29, 2019. At an interview with the Embassy of The Gambia, Papa admitted to obtaining a Senegalese passport under a false identity. *Id.* Based on the information provided by Papa, Gambian officials were unable to verify Papa's identity. *Id.* ICE determined that further investigation into Papa's identity was necessary. In a subsequent sworn statement in 2019, Papa claimed that he never had a Senegalese passport. *Id.* at 3. At that point, he provided his mother's name and stated that she was Senegalese. Papa also gave his father's name, but stated that his father was deceased and his nationality was unknown. *Id.* at 2-3.

In 2020, Papa was provided with an application for a Senegalese travel document. *Id.* at 3. In another sworn statement, Papa stated that he had a brother living in Italy. *Id.* Efforts are still being made to contact Papa's brother and to obtain a travel document from The Gambia. *Id.*

2

In a letter to the Court, Papa claims that both of his parents "died long ago." ECF No. 7 at 2. Papa states that he has no Gambian passport and that he "ran" from The Gambia to Senegal where his uncle paid for Papa to travel to Spain by boat. *Id.* Papa states that he paid someone at the airport in Spain to make a passport for him to travel to Ecuador. *Id.* Thereafter, Papa traveled through several countries by bus before arriving in the United States. *Id.*

## II. Law and Analysis

Papa challenges his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

To carry his burden under *Zadvydas*, a petitioner "must demonstrate that 'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Idowu v. Ridge*, No. 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (quoting *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). Speculation and conjecture are not sufficient to carry this burden; nor is a "lack of visible progress" alone sufficient to show no significant likelihood of removal in the reasonably foreseeable future. *Id.* (citation and internal quotation marks omitted).

According to the Declaration, ICE is actively attempting to ascertain Papa's identity and nationality based on the information that Papa has provided over time, some of which has been inconsistent. For instance, Papa did not provide information about his brother until August 6, 2020. And Papa initially stated that his father was alive in The Gambia, but now claims his father is deceased, and has been for some time. ECF No. 11-1 at 2-3; ECF No. 7.

An alien who does not comply with the Government's removal efforts may be detained indefinitely. *See* 8 CFR § 241(a)(1)(C). And "the risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention." *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003); *see also Ayigba v. Young*, 2007 WL 2736678, *5 (W.D.La. 2007); *Rosario v. Gonzalez*, 2007 WL 1232207, *5 (W.D.La. 2007).

4

Papa has offered a conclusory statement that his removal is not foreseeable, but he has not alleged "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie*, 418 F. App'x at 318. Therefore, Papa cannot meet his burden of proof. Should Papa's circumstances change, or should he obtain more definitive information indicating that his removal is not likely to occur in the reasonably foreseeable future, Papa may file a new habeas petition.

### III. Conclusion

Because Papa is not entitled to release based on the record before the Court, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

5

SIGNED on Wednesday, March 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE